TELLER *v.* GEORGE.

1. TRIAL—VERDICT.

It must be assumed that a jury's verdict is reached after full and deliberate consideration of the proofs as to disputed facts submitted to it, unless the contrary appears.

2. APPEAL AND ERROR—DAMAGES—QUESTION FOR JURY.

Adequacy of amount of verdict for personal injuries is generally a matter for jury and Supreme Court will not substitute its judgment therefor unless verdict has been secured by improper methods, prejudice, or sympathy or is so inadequate as to shock the judicial conscience.

3. NEW TRIAL—DISCRETION OF COURT—INADEQUATE DAMAGES.

Trial court did not err in denying plaintiff's motion for new trial on ground of inadequate damages, where it does not appear to have abused large measure of discretion in matter of granting new trials.

4. APPEAL AND ERROR—DISCRETION OF COURT—NEW TRIAL—DAMAGES.

The Supreme Court will not interfere with trial court's denial of a new trial because of inadequacy of damages given a plaintiff unless the abuse of trial court's discretion is palpable, especially in the absence of claim that improper methods were used by counsel for either party in presenting case to jury by appeal to sympathy, bias, or prejudice.

5. NEW TRIAL—LIMITATION TO DAMAGES—PAIN AND SUFFERING.

Trial court was not in error in denying new trial limited as to damages in action for negligent injuries, where jury had rendered a verdict for plaintiff of $1,500, there were undisputed items of damage of $1,072.95, and jury accepted plaintiff's claims as to past and future dental bills but limited the amount

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 1008.
[2] 15 Am Jur, Damages § 231.
[3, 5] 39 Am Jur, New Trial § 147.
[4] 3 Am Jur, Appeal and Error § 981.

awarded for pain and suffering, there being no claim that the amount of the award had been affected by improper methods, prejudice, or sympathy.

Appeal from Clinton; Cash (Paul R.), J. Submitted June 7, 1960. (Docket No. 4, Calendar No. 48,395.) Decided September 15, 1960.

Case by Lawrence Teller against Judy George and Roy George for personal injuries sustained in automobile collision. Verdict and judgment for plaintiff, who claims them inadequate. Motion for new trial denied. Plaintiff appeals. Affirmed.

*Sinas, Dramis, Brake & Werbelow* (*Lee C. Dramis,* of counsel), for plaintiff.

*Timothy M. Green,* for defendants.

CARR, J. This action for damages resulted from a traffic accident occurring about 5:30 p.m., on January 30, 1958. Plaintiff's car was struck and damaged by an automobile driven by the defendant Judy George and owned by the other defendant, the vehicle being driven at the time with the knowledge and consent of the latter. The case was tried in circuit court before a jury, defendants denying any liability on their part because of the injuries sustained by plaintiff. It was their claim in substance that the pavement at the place where the accident occurred was icy, that such condition had not been anticipated, and that control of defendants' car was lost because of such fact.

The issues were submitted to the jury which returned a verdict in favor of plaintiff in the sum of $1,500. Judgment was entered accordingly and thereafter plaintiff moved for a new trial limited to the amount of damages only, said motion being predicated on the claim that the amount of the verdict

was grossly inadequate under the proofs. Said motion was denied, and plaintiff has appealed from the order entered.

On behalf of appellant it is contended that certain items of damages, aggregating $1,072.95, were not disputed insofar as the proofs relating thereto were concerned. As a result of his injuries plaintiff required dental treatment, and the amounts of the bills rendered therefor were questioned by defendants. Also in dispute was the necessity for future expenditures for dental treatment that plaintiff claimed would be required. It is apparent from the verdict of the jury that defendants' claims in such respect were accepted. It is also evident that the amount awarded for pain and suffering that plaintiff claimed he had undergone as a result of the injuries sustained by him in the accident was limited.

No claim is made that the trial court did not properly submit to the jury the various issues relating to the matter of damages in the event that a verdict was returned in plaintiff's favor. Neither does it appear, nor is it claimed, that because of matters occurring during the course of the trial the jury may have been prejudiced. In seeking a new trial on the question of damages appellant relies wholly on his claim that the amount of the verdict was too small to constitute fair and reasonable compensation for his injuries and financial damage. The determination of disputed questions in the case rested within the province of the jury and it must be assumed, unless the contrary clearly appears, that the verdict was reached after full and deliberate consideration of the proofs.

The record before us discloses that following the accident plaintiff was hospitalized for approximately 4 days. His injuries were treated by his family physician, who was a witness in the case, and it is not in dispute that the results obtained were satis-

factory. Plaintiff suffered no permanent injury, and returned to his employment at the end of a 6-weeks' period. The physician's testimony indicates clearly that the suffering incident to treatment was minimized by the use of local anesthetics. After the 14th of March following the accident plaintiff did not require further medical attendance or treatment and was discharged by his physician. The proofs indicate that at the time he was not suffering pain and was, according to his physician, "symptom free."

Questions involving alleged inadequacy, or excessiveness, in jury verdicts have been before this Court in numerous cases. In the absence of a clear showing of an improper verdict the Court has been loath to interfere with the judgment of a jury. As stated in *Campbell* v. *Brown,* 276 Mich 449, 454:

"The adequacy of amount of a verdict is also generally a matter for the jury. We do not substitute our judgment on this question unless a verdict has been secured by improper methods, prejudice, or sympathy. *Michaels* v. *Smith,* 240 Mich 671. No such showing has been made, nor is the verdict so inadequate as to shock the judicial conscience. *Watrous* v. *Conor,* 266 Mich 397. See, also, *Sebring* v. *Mawby,* 251 Mich 628. However, we do not pass upon this question in the instant case because of the conclusions hereinafter stated."

In said case the plaintiff sustained severe physical injuries, was unconscious for 5 days, and remained in a hospital for a total period of 76 days. The total medical expense incurred up to the time of the trial was $736.70. The amount of the verdict returned was $1,250.

In *Brown* v. *Arnold,* 303 Mich 616, the amount of the verdict returned by the jury was $547.60, which barely covered the actual expenses incurred by plaintiff. Motion for a new trial was made on the ground that the verdict was inadequate in view of the proofs

relating to the pain and suffering undergone by the plaintiff. Commenting thereon it was said in the opinion of this Court (p 627):

"The court did not err in refusing to grant plaintiff's motion for a new trial on the ground of inadequate damages. Trial courts have a large measure of discretion in the matter of granting new trials and this Court will not interfere unless the abuse of that discretion is palpable. *Graeger* v. *Hager,* 275 Mich 363, and many cases there cited. There is no claim that improper methods were used by counsel for either party in presenting this case to the jury. There is no claim of appeal to sympathy, bias or prejudice. The case was fairly presented. No question is raised as to the fairness of the charge, except on the one question we have discussed."

Other decisions are in accord with the cases cited, each involving a determination on the basis of the proofs. See, in this connection, the recent decisions in *Nowak* v. *Twin Pines Farm Dairy, Inc.,* 356 Mich 548, and *Moyer* v. *Shampo,* 357 Mich 391.

The factual situation in the case at bar is not comparable with that presented in *Zielinski* v. *Harris,* 289 Mich 381, and in other cases of like nature. In the case at bar the jury had the advantage of seeing and hearing the witnesses and, hence, was in position to fairly evaluate the testimony of each. The trial judge, who had a like advantage, rejected plaintiff's claim that the verdict was so grossly inadequate as to require the granting of a new trial limited to the question of damages. His ruling was in accord with the decisions of this Court in comparable cases. On the record before us we are not prepared to say that he was in error, and the judgment entered on the verdict is affirmed.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.