HILL v HENDERSON

Docket No. 49173. Submitted April 8, 1981, at Detroit.—Decided July 7, 1981.

Alfred S. Hill and Jim Clayton were injured when the automobile in which they were riding was struck from behind by the automobile driven by Jerome Henderson. Hill and Clayton brought an action against Henderson in Wayne Circuit Court seeking to recover damages for lost wages and medical expenses and for pain and suffering. Following trial, the jury returned a verdict of $1,768 as to Hill covering his medical expenses and lost wages and a verdict of $626 as to Clayton covering his medical expenses. Plaintiffs moved for a new trial or *additur* on the basis that they had not be recompensed for pain and suffering. Leo Foran, J., denied the motion for a new trial or *additur*. Plaintiffs appeal. *Held:*

The fact that the jury found no compensable pain and suffering despite finding compensable medical expenses does not shock the judicial conscience. The trial court was within its discretion in denying the motion for new trial or *additur.* The Court of Appeals finds no palpable abuse of discretion justifying disturbing the trial court's determination.

Affirmed.

1. DAMAGES — EVIDENCE — VERDICT — APPEAL.

The question before an appellate court considering a claim that a trial court erred in denying a motion for *additur* or in the alternative a new trial is whether the jury verdict was so clearly or grossly inadequate and so contrary to the great weight of the evidence pertaining to damages sustained by the plaintiff as to shock the judicial conscience; the question of adequacy of damages is one addressed to the discretion of the trial court and will not be disturbed on appeal absent palpable abuse (GCR 1963, 527).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error §§ 641, 887, 946.
22 Am Jur 2d, Damages §§ 398, 399.
58 Am Jur 2d, New Trial § 153.

2. Damages — Verdict — Adequacy of Verdicts.

> A verdict is not so inadequate as to shock judicial conscience
> merely because the jury finds no compensable pain and suffer-
> ing even though awarding damages for medical expenses; the
> awarding of medical expenses and the denial of damages for
> pain and suffering are not necessarily inconsistent findings.

*Goldstein, Meklir, Schreier, Nolish & Friedman,
P.C.* (by *Alexander M. Kelin),* for plaintiffs.

Before: Danhof, C.J., and J. H. Gillis and D. E.
Holbrook, Jr., JJ.

Per Curiam. This litigation arose out of a rear-
end automobile collision which occurred on August
3, 1972. Plaintiff Hill was driving south on Wood-
ward with his uncle, plaintiff Jim Clayton,[1] riding
in the back seat. Hill testified that his car had
come to a complete stop at a red light when it was
struck in the rear by defendant's cab and pushed
forward 10 to 12 feet. Defendant, however, claimed
that he had come to a complete stop beind Hill's
vehicle. He indicated that, when the light turned
green, Hill began to move forward but then sud-
denly stopped. Defendant stated that he struck
Hill's vehicle at less than 10 miles per hour but
did not push it forward. In any event, the parties
stipulated to defendant's negligence.

Both Hill and Clayton were treated by the same
doctor. Hill claimed to have experienced pain in
his neck and back and to have had problems
moving his head sideways. Clayton experienced
shoulder pain. In addition to his medical expenses,
Hill lost approximately one month's wages, total-
ing $927.

In its verdict, the jury concluded that Hill

---

[1] Plaintiff Jim Clayton died subsequent to the accident of unrelated
causes. His estate is represented by the administratrix, Anna Clayton.

should be paid $1,768 "to cover his X-rays, medical [expenses] and loss of wages". Clayton was awarded $626 to pay his medical expenses. Neither plaintiff was recompensed for pain and suffering. Plaintiffs' motion for new trial or *additur* was denied and they appeal as of right.

GCR 1963, 527 provides for the granting of a new trial on the basis of an inadequate verdict. It provides in pertinent part:

".1 Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues whenever their substantial rights are materially affected, for any of the following causes:

\* \* \*

"(4) A verdict which is clearly or grossly inadequate or excessive;

\* \* \*

".6 Remittitur and Additur. When a finding is made that the only error in the trial is the inadequacy or excessiveness of the verdict, the court may deny a motion for new trial on condition that within 10 days the non-moving party consents in writing to the entry of judgment of an amount found by the judge to be the lowest or highest amount respectively which the evidence will support. If the moving party appeals, this agreement shall in no way prejudice the party so agreeing, and if he prevails the original verdict may be reinstated by the supreme court."

Because the question of damages is generally one of fact for the jury, new trial or *additur* are only appropriate where a verdict is so clearly or grossly inadequate and so contrary to the great weight of the evidence pertaining to damages sustained by the plaintiff as to shock the judicial conscience. *Moore v Spangler,* 401 Mich 360, 373; 258 NW2d 34 (1977). Further, this assessment is relegated to the discretion of the trial court and

will not be disturbed on appeal absent a palpable abuse. *Id.*, 372.

In the present case, the trial court denied plaintiffs' motion when he could not find "that the jury's verdict was clearly or grossly inadequate or that the jury in any way breached its duty to assess damages in accordance with the evidence presented". After reviewing the evidence presented below, we conclude that this decision does not represent a palpable abuse of discretion.

Although the parties disputed the precise manner in which the accident occurred, it was a relatively minor collision. Defendant testified that the impact was not even enough to push plaintiff Hill's vehicle forward. The jury was free to accept this version of the events and conclude that plaintiffs had no resulting pain and suffering. This is not necessarily inconsistent with an award of medical expenses. The jury could have accepted plaintiffs' claim that medical attention was required without also inferring that Hill and Clayton had demonstrated compensable pain and suffering. It is not our function to arbitrarily substitute our own judgment for that of the jury on this issue, for to do so would be to usurp its role. *Stowers v Wolodzka,* 386 Mich 119, 140; 191 NW2d 355 (1971). We agree that the resulting verdict was not so clearly and grossly inadequate and contrary to the evidence as to shock the judicial conscience.

Affirmed.