GREGORICKA v LYTYNIUK

Docket No. 58099. Submitted May 6, 1982, at Lansing.—Decided February 9, 1983.

Jerry Gregoricka suffered a ripped and torn bronchus and a fractured mandible when a tree limb fell on him while playing golf during a windstorm. The injuries resulted in his being in intensive care for ten days, his undergoing major reparatory surgery and 13 subsequent hospitalizations, the wiring of his jaw, and continuing shortness of breath and risk of infection of his left lung. Jerry Gregoricka and his wife, Ann, brought an action in Shiawassee Circuit Court against Richard F. Lytyniuk and other members of the limited partnership which owned the golf course. There was uncontroverted evidence of out-of-pocket expenses of $22,914.82. The jury returned a verdict of $23,600.00 on Jerry Gregoricka's claim for medical expenses, lost wages, and pain and suffering and nothing on his wife's loss of consortium claim. Plaintiffs moved for *additur* or a new trial. Harry P. Newblatt, J., denied the motion. Plaintiffs appeal. *Held:*

The denial of a motion for *additur* or new trial on the basis of an inadequate jury verdict will be overturned on appeal only when the jury verdict is grossly inadequate or the product of influence by improper methods. Since there is no allegation of influence by improper methods and since the jury verdict, while possibly inadequate in being barely more than out-of-pocket expenses, is not, under the disputed proofs at trial, grossly inadequate, the trial court cannot be said to have erred in denying the motion for *additur* or a new trial.

Affirmed.

BRONSON, J., dissented. He believes the verdict should shock

REFERENCES FOR POINTS IN HEADNOTES

[1-5] 5 Am Jur 2d, Appeal and Error § 835.

Necessity of physical injury to support cause of action for loss of consortium. 16 ALR4th 537.

Excessiveness or adequacy of damages awarded for injuries to, or conditions induced in, respiratory system. 15 ALR4th 519.

Excessiveness or adequacy of damages awarded to injured person for injuries to head or neck. 11 ALR3d 370.

the judicial conscience. He would remand for *additur* or a new trial.

OPINION OF THE COURT

1. DAMAGES — EVIDENCE — VERDICT — APPEAL.

The question before an appellate court considering a claim that a trial court erred in denying a motion for *additur* or in the alternative a new trial is whether the jury verdict was so clearly or grossly inadequate and so contrary to the great weight of the evidence pertaining to damages sustained by the plaintiff as to shock the judicial conscience; the question of adequacy of damages is one addressed to the discretion of the trial court and will not be disturbed on appeal absent palpable abuse (GCR 1963, 527.1).

2. DAMAGES — EVIDENCE — VERDICT.

A jury verdict which ignores the uncontroverted out-of-pocket expenses of the plaintiff is inadequate on its face and must be reversed (GCR 1963, 527).

3. DAMAGES — EVIDENCE — VERDICT — APPEAL.

A trial court's order denying motions for *additur* or a new trial will not be overturned on appeal where the jury's verdict is in excess of the undisputed out-of-pocket expenses, there is disputed evidence as to the extent of any other damages and, while the verdict might be deemed to be inadequate, the verdict cannot be said to be grossly inadequate (GCR 1963, 527.1).

DISSENT BY BRONSON, J.

4. DAMAGES — EVIDENCE — VERDICT — APPEAL.

*The question before an appellate court considering a claim that a trial court erred in denying a motion for* additur *or in the alternative a new trial is whether the jury verdict was so clearly or grossly inadequate and so contrary to the great weight of evidence pertaining to damages sustained by the plaintiff as to shock the judicial conscience (GCR 1963, 527.1).*

5. DAMAGES — EVIDENCE — VERDICT — APPEAL.

*A jury verdict awarding damages only slightly in excess of the uncontested out-of-pocket expenses shocks the judicial conscience where the plaintiff suffered serious injuries to the face, head, and lungs which required extensive hospital care and surgery; under such circumstance it was an abuse of discretion for a trial court to deny a motion for* additur *or new trial.*

*Dean, Dean, Segar, Hart & Shulman, P.C.* (by *Leonard B. Shulman*), for plaintiffs.

*Taylor, Carter, Butterfield, Riseman, Clark & Howell, P.C.* (by *Carl M. Riseman*), for defendant.

Before: R. M. Maher, P.J., and Bronson and R. J. Snow,* JJ.

Per Curiam. Plaintiffs appeal as of right the trial court's denial of their motion for a new trial on the issue of damages or, alternatively, *additur.*

This case presents the following question: Where the plaintiffs present uncontroverted evidence of medical expenses and lost wages totaling $22,914.82, does a jury award of only $23,600 shock the judicial conscience?

Plaintiff Jerry Gregoricka was injured by a falling tree limb while playing golf during a windstorm on defendants' golf course. Mr. Gregoricka suffered a ripped and torn bronchus, which required major reparatory surgery and 13 subsequent hospitalizations. He also suffered a fractured mandible, which was treated by a procedure requiring his jaw to be wired shut. Mr. Gregoricka faces the possibility of repreated hospitalizations, a continued shortness of breath, and increased risk of infection in his left lung. He spent ten days in intensive care after the accident.

This incident prompted Mr. Gregoricka and his wife, plaintiff Ann Gregoricka, to file a negligence suit against the defendants, alleging that they had failed to maintain their golf course in a reasonably safe condition. Mr. Gregoricka sought damages for medical expenses, lost wages, and pain and suffering; his wife requested damages for loss of consor-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tium. Plaintiffs presented evidence of out-of-pocket expenses totaling $22,914.82. The jury found the defendants 100% negligent but awarded Mr. Gregoricka only $23,600, and didn't give Ann Gregoricka a cent. Plaintiffs unsuccessfully moved for a partial new trial on the damages issue and now appeal as of right.

GCR 1963, 527.1 provides:

"A new trial may be granted to all or any of the parties and on all or part of the issues whenever their substantial rights are materially affected, for any of the following causes:

* * *

"(4) A verdict which is clearly or grossly inadequate or excessive;
"(5) That the verdict or decision is against the great weight of the evidence, or is contrary to law."

Because the question of damages is generally a factual determination, a partial new trial or *additur* are only appropriate where a verdict is so clearly or grossly inadequate and so contrary to the great weight of the evidence as to shock the judicial conscience. *Hill v Henderson,* 107 Mich App 551, 553; 309 NW2d 663 (1981). This determination is left to the discretion of the trial court and will not be reversed on appeal absent a palpable abuse. *Moore v Spangler,* 401 Mich 360, 372; 258 NW2d 34 (1977).

It is well settled that a jury verdict which is less than the uncontroverted out-of-pocket expenses is inadequate and must be overturned. *Moore v Spangler, supra,* p 372. In the instant case, however, the jury awarded Mr. Gregoricka *more* than his uncontroverted out-of-pocket expenses. We must therefore determine whether, in light of the evidence presented at trial, an award of $685.18

for all of the other damages Mr. Gregoricka sustained shocks the judicial conscience.

We find resolution of this issue very troubling. We are quite sure that if we had been members of the jury that found the defendants negligent we would have voted to return a considerably larger verdict. We find ourselves restrained, however, by the necessary limitations on judicial review of jury verdicts, as outlined in *Moore v Spangler, supra.* Our standard of review requires us to sustain jury verdicts that are inadequate, but not grossly so. This may seem a harsh result. Yet this standard of review is not intended to encourage small jury awards. For the same narrow standard applies where the jury verdict under review is allegedly excessive. See *Stowers v Wolodzko,* 386 Mich 119, 141-142; 191 NW2d 355 (1971). In either case, an appellate court may disturb the damage award only if it shocks the judicial conscience.

We are convinced that, although the jury award in this case seems inadequate, it is not *grossly* inadequate in light of the conflicting testimony on the critical damages issues.

The jury was presented with evidence that Mr. Gregoricka spent 10 days in intensive care, had his jaw wired shut to repair a broken mandible, endured major surgery to repair a torn bronchus, and underwent 13 subsequent preventative hospitalizations. The jury was also told that Mr. Gregoricka faced the possibility of future hospitalizations, continued shortness of breath, and increased risk of infection. On the other hand, the jury observed Mr. Gregoricka testifying about playing basketball, racketball, and softball after the accident, working 50-60 hours per week, and taking night classes. The jury was also exposed to testimony to the effect that he was leading a relatively normal life.

We simply find ourselves unable to conclude that the jury verdict in the instant case was so clearly or grossly inadequate and so contrary to the great weight of evidence pertaining to damages sustained by plaintiff as to shock the judicial conscience. We observe that the plaintiffs have not alleged that the jury award was influenced by the employment of improper methods by defense counsel. According to *Teller v George,* 361 Mich 118, 121; 104 NW2d 918 (1960), "In the absence of a clear showing of an improper verdict the [Supreme] Court has been loath to interfere with the judgment of a jury." We perceive no significant modification of this position in the intervening years. As the Supreme Court noted recently:

"In reviewing damage awards in cases tried to juries, this Court has asked whether the award shocks the judicial conscience, appears unsupported by the proofs, or seems to be the product of improper methods, passion, caprice, or prejudice; if the amount awarded falls reasonably within the range of the evidence and within the limits of what reasonable minds would deem just compensation for the injury sustained, the verdict has not been disturbed." *Precopio v Detroit,* 415 Mich 457, 465; 330 NW2d 802 (1982).

Accordingly, under the circumstances of this case, we hold that the trial court did not abuse its discretion in denying plaintiffs' motion for a partial new trial.

Affirmed. Defendant may tax costs.

BRONSON, J. *(dissenting).* The question before this Court is whether the jury's award of damages is so clearly or grossly inadequate and so contrary to the great weight of the evidence that it shocks the judicial conscience. *Moore v Spangler,* 401 Mich 360, 373; 258 NW2d 34 (1977).

I cannot agree with the majority's broad statement that there was conflicting evidence on the issue of damages. Of the total out-of-pocket expenses of $22,914.82, only $125 could be considered contested.

Plaintiff's claim of damages for pain and suffering was not refuted by testimony that he played softball and racquetball and worked 50-60 hours a week some time after his accident. Plaintiff did not claim future wage loss, and his claim of pain and suffering damages did not rest on his reduced opportunities for recreational activities. Plaintiff suffered serious injuries to the head and face, two areas which usually cause factfinders to be sensitive to an injured person's claim for pain and suffering. See generally 11 ALR3d 370. Plaintiff's respiratory injuries are of the type which entail significant pain and long-term discomfort.

The jury's award of damages for pain and suffering is disproportionately low when compared with jury awards for injuries of comparable seriousness. The ratio of the total award to plaintiff's uncontested medical expenses and work loss is incredibly low. Although neither method is extremely useful in assessing the adequacy of damages, analysis using both methods intensifies the feeling of shock one has when this verdict is considered in light of the evidence.

I would allow *additur* or grant a new trial on damages.