TUCKER v SANDLIN

Docket No. 63219. Submitted January 6, 1983, at Lansing.—Decided
June 22, 1983. Leave to appeal applied for.

Phyllis Tucker, a Charles Stewart Mott Community College stu-
dent, was raped in a parking ramp of the college. Moments
before the assault on Tucker, another student, Jean Brooks,
had informed an on-duty security guard, Robert Rothgeb, that a
man with a knife had attempted to get into her car on the fifth
floor of the parking ramp and described the ´assailant's car.
According to testimony given by Brooks, Rothgeb told her "he
would take care of it" and that Brooks need not call the police.
Rothgeb drove through the parking ramp, saw the assailant's
car but disregarded it because the license number did not
exactly match the number Brooks had given him. Rothgeb
returned to the dispatch office and a call was made to the
police. The assault on Tucker occurred approximately one
minute before the call was made to the police. Tucker filed suit
against Ellis Sandlin, doing business as Sterling Secret Service,
Inc., and Robert Rothgeb in Genesee Circuit Court alleging
negligence on the part of the defendants. Mott Community
College was added as a third-party defendant. A directed ver-
dict was granted in favor of Mott Community College, Philip C.
Elliott, J., and the jury returned a verdict in favor of plaintiff,
finding defendants liable for $80,000 in damages. Defendants
moved for a new trial or for a judgment notwithstanding the
verdict. The motions were denied. Defendants appeal. *Held:*

1. The trial court properly rejected defendants' motion for
judgment notwithstanding the verdict. Plaintiff presented suffi-

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments § 106 *et seq.*
  Practice and procedure with respect to motions for judgment not-
    withstanding or in default of verdict under Federal Civil Proce-
    dure Rule 50(b) or like state provisions. 69 ALR2d 449.
[2] 57 Am Jur 2d, Negligence § 69.
[3] 57 Am Jur 2d, Negligence § 37.
[4] 29 Am Jur 2d, Evidence §§ 493, 494.
  30 Am Jur 2d, Evidence §§ 1094, 1103.
[5] 31 Am Jur 2d, Expert and Opinion Evidence § 31.

cient evidence to raise a jury question as to the issues of negligence, duty and proximate cause.

2. Defendants' contention that the trial court erred in admitting hearsay testimony as to when the police received a call reporting the first assault does not warrant reversal. Defendants did not object to the testimony at trial and, even if an objection had been made, the testimony may have been admissible under one of the exceptions to the hearsay rule.

3. There is no basis for reversal on defendants' argument that the trial court erred in allowing plaintiff's attorney to pose certain hypothetical questions which, according to defendants, were not supported by evidence of record. The questions were properly admitted.

4. The trial court did not err in admitting deposition testimony describing how a police officer would have responded to the situation confronting the security guard. The determination of relevancy was properly left to the trial court.

5. The trial court did not err in admitting evidence of the police department's average response time. The response time figure was neither irrelevant nor so lacking in foundation as to be inadmissible.

6. The issue of whether two of plaintiff's experts lacked sufficient practical experience to qualify as experts on the subject of a security guard's standard of care was properly left to the trial court's discretion.

7. The trial court did not err in denying defendants' motion for a mistrial based upon the nonproduction of police documents. It was the negligence of defendants' attorneys, rather than any surprise tactics of plaintiff, which resulted in defendants' failure to obtain copies of the subject documents.

8. There is no merit to defendants' claim that the award of damages was so clearly and grossly excessive as to shock the judicial conscience and there was no showing that the award was secured by improper methods, prejudice or sympathy.

9. The trial court's opinion was sufficiently clear and detailed in its review of the issues presented in defendants' motions for a new trial to comply with the requirements of GCR 1963, 527.7.

Affirmed.

1. Motions and Orders — Judgment Notwithstanding the Verdict.

A motion for judgment notwithstanding the verdict should be denied if, viewing the facts in a light most favorable to the nonmoving party, reasonable persons could differ.

2. Negligence — Unreasonable Risk of Harm — Criminal Acts — Third Persons.

An act or an omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of the other or a third person which is intended to cause harm, even though such conduct is criminal.

3. Negligence — Gratuitous Undertakings — Third Persons — Due Care — Reliance.

A person who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if (1) his failure to exercise reasonable care increases the risk of harm, or (2) he has undertaken to perform a duty owed by the other to the third person, or (3) the harm is suffered because of reliance of the other or third person upon the undertaking.

4. Evidence — Hearsay.

It is not error, absent objection, to allow the trier of fact to consider hearsay testimony (MRE 103[a]).

5. Witnesses — Opinion Testimony.

The determination of whether a witness is sufficiently qualified to give opinion testimony is left to the discretion of the trial judge, whose decision will not be reversed absent an abuse of discretion.

*Collins, Stecco & Wascha* (by *James J. Wascha),* for plaintiff.

*Robert D. Stalker,* for defendants.

Before: Allen, P.J., and Bronson and Wahls, JJ.

Per Curiam. Defendants appeal as of right from the judgment entered on the jury's verdict of $80,000 in favor of plaintiff. On appeal, defendants

raise numerous issues, none of which require reversal.

Defendants first urge that the trial court erred as a matter of law in denying their motion for judgment notwithstanding the verdict. According to defendants, plaintiff failed to present sufficient evidence to raise a jury question as to the issues of negligence, duty and proximate cause. We disagree. We note that a motion for judgment notwithstanding the verdict should be denied if, viewing the facts in a light most favorable to the motion's opponent, reasonable persons could differ. *Wilson v Chesapeake & O R Co,* 118 Mich App 123, 133; 324 NW2d 552 (1982).

In *Samson v Saginaw Professional Building, Inc,* 393 Mich 393; 224 NW2d 843 (1975), the Supreme Court held that a cause of action had been stated against the lessor of a building where a tenant was stabbed in an elevator by the patient of a co-tenant. This Court quoted 2 Restatement Torts, 2d, § 302B, p 88 as follows:

"An act or omission may be negligent if the actor realizes or should realize that it involves an unreasonable risk of harm to another through the conduct of * * * a third person which is intended to cause harm, even though such conduct is criminal."

See also 2 Restatement Torts, 2d, § 324A, p 142, which provides:

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to [perform] his undertaking, if

"(a) his failure to exercise reasonable care increases the risk of such harm, or

"(b) he has undertaken to perform a duty owed by the other to the third person, or

"(c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

Accord, *Yoder Co v Liberty Mutual Ins Co,* 92 Mich App 386; 284 NW2d 810 (1979). See also *Smith v Allendale Mutual Ins Co,* 410 Mich 685; 303 NW2d 702 (1981), where the Court recognized that an undertaking to perform a service may give rise to a duty to one who might foreseeably be injured by that person's failure to perform the undertaking with reasonable care, 410 Mich 718. Other courts have applied this reasoning to uphold a cause of action where security guards for a school or college have failed to exercise due care in following up on reports that a person on the premises threatens to cause foreseeable harm to a student. See *e.g., Schultz v Gould Academy,* 332 A2d 368 (Me, 1975); *Jesik v Maricopa County Community College Dist,* 611 P2d 547 (Ariz, 1980). In the present case, plaintiff presented evidence which could support findings that (1) the security guard, Rothgeb, had actual notice of a life-threatening assault on the fifth floor of the student parking ramp, (2) that Rothgeb promised the victim of this first assault that he would "take care" of the task of informing police of the assailant's presence, thereby undertaking a duty to all users of the ramp that he would do so, and (3) that Rothgeb failed to immediately notify police, an omission which certain expert testimony indicated was a breach of the standard of care applicable to a security guard in Rothgeb's position. Plaintiff's proofs not only precluded judgment notwithstanding the verdict as to the issues of duty and negligence but also as to the issue of proximate cause. A jury could reasonably find that Rothgeb's omis-

sion directly caused plaintiff's injuries by enabling the assailant to remain on the premises and carry on his criminal conduct without interruption. We conclude that the trial court acted properly in denying defendants' motion for judgment notwithstanding the verdict.

Defendants next urge that the trial court erred in admitting Sergeant Beauchamp's hearsay testimony that he received a call reporting the assault at 8:16 p.m. on the night in question. This issue does not warrant reversal because defendants did not object to the testimony at trial. Absent objection, it is not error to allow the trier of fact to consider such hearsay testimony, MRE 103(a); *Holford v General Motors Corp,* 116 Mich App 488, 491; 323 NW2d 454 (1982). We also note that defendants' failure to object precluded plaintiff from establishing a foundation for admission of the evidence under MRE 803(6) or 803(8), exceptions which the trial court might well have found applicable had the issue been properly raised.

Defendants' third argument on appeal is that the trial court erred in allowing plaintiff's attorney to pose certain hypothetical questions which, according to defendants, were not supported by evidence of record. We find no basis for reversal. Plaintiff's appeal brief clearly demonstrates that each element of the first challenged hypothetical was supported by trial testimony. This initial question was properly asked for the purpose of establishing Rothgeb's standard of care. To the extent that certain follow-up questions assumed facts not in evidence *(e.g.,* the fact that police were called promptly at 8 p.m.), the trial court still properly admitted them for the limited purpose of showing what might have happened had Rothgeb immediately reported the first assault to the police. The

trial court recognized that such questions, although somewhat "speculative" in nature, were necessary to allow plaintiff to establish her theory that she would not have been assaulted had Rothgeb in fact complied with plaintiff's conception of the applicable standard of care. The jury was informed that this was the sole purpose of the follow-up question and plaintiff did not claim or assume that the facts underlying these questions had been proven. Accordingly, the jury could not have been misled into believing that plaintiff had proven the facts underlying the follow-up hypotheticals. There is no basis for defendant's claim of prejudice as to this issue.

Defendants' fourth argument has even less merit. According to defendants, the trial court erred in admitting Deputy Chief Crawford's deposition testimony describing how a police officer would have responded to the situation confronting the security guard, Rothgeb. Defendants insist that it was an abuse of discretion to admit this evidence because Rothgeb did not have police training and should not be held to the police officer's standard of care. We assume *arguendo* that the standards of care applicable to police officers may differ from those applicable to security guards such as Rothgeb. However, we note that plaintiff never attempted to create the impression that Rothgeb would be held to the police officer's standard of care. On the contrary, Crawford stated clearly that a security guard such as Rothgeb would not be expected to apprehend a suspect as would a police officer but that he would instead only be expected to call for assistance. Crawford's testimony was certainly relevant to the issue of whether Rothgeb complied with the lesser standard of care applicable to security guards. Under

MRE 401, the determination of relevancy was properly left to the trial court.

Defendants next challenge the admission of evidence of the police department's average response time. According to defendants, the evidence was neither relevant nor supported by an adequate foundation. We disagree. The foundation for the response time figure was probed and tested during the course of extensive cross-examination. Questions regarding the accuracy of the figure go to its weight rather than to its admissibility. Furthermore, the figure was certainly relevant in determining whether police could have arrived in time to prevent the assault had Rothgeb promptly reported the assailant's presence. MRE 401. Defendants insist that the response time figure is irrelevant because it only applies to "serious" calls, whereas Rothgeb's belated call was treated as "non-serious" in nature since the complainant had left the scene. This argument begs the question because certain trial testimony indicates that if the first assault had been promptly reported the police would still have treated the matter as a "serious" one warranting immediate response. Under the circumstances, we cannot agree with defendants that the response time figure was either irrelevant or so lacking in foundation as to be inadmissible.

Defendants next urge that two of plaintiff's experts, Dr. Weaver and Deputy Chief Crawford, lacked sufficient practical experience to qualify as experts on the subject of a security guard's standard of care. We believe that this issue was properly left to the trial court's discretion, *Swanek v Hutzel Hospital,* 115 Mich App 254, 257; 320 NW2d 234 (1982). The court's decision to qualify these witnesses as experts was not an abuse of

discretion where trial testimony indicated (1) that Dr. Weaver had over 20 years' experience as a teacher and consultant in the field of security administration and (2) that Crawford had worked with the city police department for over 25 years and had worked on various occasions with security guards. Even if it were error to qualify Crawford as an expert, the error was harmless as his "expert" testimony regarding the standard of care was substantially similar to, and therefore cumulative with, that of Dr. Weaver.

Defendants' seventh argument is that the trial court erred in denying their motion for a mistrial based upon the nonproduction of police documents. According to defendants, police witnesses relied upon certain undisclosed documents to demonstrate that police cars were available at the time of the assaults. We find no basis for reversal. It was the negligence of defendants' attorneys, rather than any surprise tactics of plaintiff, which resulted in defendants' failure to obtain copies of the subject documents. At the time of Deputy Chief Crawford's November, 1979, deposition, defendants' attorneys not only had learned of the subject records (officers' daily reports and "call sheets" as well as police emergency response time reports) but actually had an opportunity to question Crawford about them. At one point, Crawford went beyond merely explaining the records and offered to show defense counsel a copy of "the actual report". Crawford made clear that copies of the records were available. Still, defendants did not request copies prior to trial. Defense counsel not only had prior notice of the availability of these records but also had an opportunity to review them during trial and to extensively cross-examine Sergeant Beauchamp regarding their con-

tents. We conclude that there can be no basis for any claim that defendants were prejudiced by the nonproduction of police records.

Finally, we find no merit in defendants' claim that the award of damages was so clearly and grossly excessive as to shock the judicial conscience. *Teller v George,* 361 Mich 118, 121; 104 NW2d 918 (1960); *Pippen v Denison Div of Abex Corp,* 66 Mich App 664; 239 NW2d 704 (1976), *lv den* 399 Mich 823 (1977). There was no showing that the award was secured by improper methods, prejudice or sympathy. *Teller, supra; Campbell, supra.* Reasonable minds could decide that the award of $80,000 was just compensation for the substantial physical injuries and for the severe and lasting mental anguish which plaintiff described in her testimony.

In concluding review of this appeal, we state our finding that the trial court's opinion was sufficiently clear and detailed in its review of the issues presented in defendants' motion for a new trial to comply with the requirements of GCR 1963, 527.7.

Affirmed.