McATEE v GUTHRIE

Docket Nos. 106696, 109394, 113204. Submitted October 18, 1989, at Detroit. Decided November 15, 1989. Leave to appeal applied for.

Jill McAtee, a Bloomfield Township police officer, brought an action in the Oakland Circuit Court against Bruce Guthrie and the Oakland Hills Country Club alleging that certain injuries she received while arresting Guthrie after stopping his vehicle were caused by his wanton and reckless misconduct. Oakland Hills was named as a party under the dramshop act. Mediation resulted in evaluations in favor of plaintiff in the amount of $25,000 against Guthrie and $10,000 against Oakland Hills. Plaintiff and Oakland Hills both rejected the evaluations. Following a jury trial, the jury returned a verdict of $27,000 against both defendants. The trial court, Norman L. Lippitt, J., thereafter granted a judgment notwithstanding the verdict in favor of Oakland Hills after concluding that there was no competent evidence that intoxicating liquor was served to Guthrie at Oakland Hills. Following the denial of her motion for a new trial, plaintiff appealed alleging several errors including the granting of the judgment notwithstanding the verdict and the denial of her request for mediation sanctions. Oakland Hills cross appealed from the denial of its motion for mediation sanctions. Guthrie appealed from the denial of his motion for summary disposition and from the judgment entered on the jury verdict. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

1. The trial court properly denied Guthrie's motions for summary disposition and directed verdict based on the "fireman's rule."

2. There was sufficient evidence to allow the jury to conclude

REFERENCES

Am Jur 2d, Appeal and Error §§ 112, 517, 518, 939; Intoxicating Liquors §§ 554, 555; Premises Liability § 103.

See the Index to Annotations under Appeal and Error; Assault and Battery; Dramshop Acts; Intentional, Wilful, and Wanton Acts; Police and Law Enforcement Officers.

that Guthrie was served an alcoholic drink while at Oakland Hills. The trial court's grant of the judgment notwithstanding the verdict to Oakland Hills is reversed and the case is remanded for entry of a judgment in accordance with the jury verdict.

3. Plaintiff's objection to the admission in evidence of certain photographs was untimely.

4. The trial court did not err in denying plaintiff a new trial based on her claim that the verdict was grossly inadequate.

5. The trial court properly determined that Oakland Hills was not entitled to an award of costs under the mediation court rule.

6. Because the trial court denied plaintiff mediation sanctions against Oakland Hills based upon its grant of the judgment notwithstanding the verdict, the case is remanded for a determination of plaintiff's entitlement to sanctions in light of the Court of Appeals ruling reversing the grant of the judgment notwithstanding the verdict.

Affirmed in part, reversed in part and remanded.

1. NEGLIGENCE — TORTS — POLICE OFFICERS — INTENTIONAL ABUSE.

The so-called fireman's rule, that fire fighters or police officers may not recover damages for injuries occasioned by the negligence which caused their presence on the premises in their professional capacities, does not extend to intentional abuse directed specifically at a police officer; an individual who causes such injury by wilful, wanton or intentional misconduct should not receive the benefit of the fireman's rule to shield him from civil liability for his actions.

2. APPEAL — MOTIONS AND ORDERS — JUDGMENT NOTWITHSTANDING THE VERDICT.

The Court of Appeals, when reviewing a motion for judgment notwithstanding the verdict, views the evidence and all legitimate inferences that can be drawn from the evidence in a light most favorable to the nonmoving party; if reasonable jurors could honestly have reached different conclusions, the motion should have been denied.

3. APPEAL — PRESERVING QUESTION — EVIDENCE.

Error may not be predicated on a ruling which admits or excludes evidence unless a substantial right of the party is affected and the party timely objects on the record (MRE 103).

4. APPEAL — REMITTITUR.

A denial of remittitur may only be disturbed if a clear abuse of discretion has been shown on the part of the trial court.

*Raymond L. Krell, P.C.* (by *Raymond L. Krell* and *Derek A. Hurt*), for Jill McAtee.

*Romain, Donofrio, Kuck & Egerer, P.C.* (by *Claude Romain* and *John C. Brennan*), for Bruce Guthrie.

*Siemion, Huckabay, Bodary, Padilla & Morganti, P.C.* (by *Raymond W. Morganti*), for Oakland Hills Country Club.

Before: MAHER, P.J., and MARILYN KELLY and H. E. DEMING,* JJ.

PER CURIAM. This action involves multiple appeals from a jury verdict of $27,000 in favor of plaintiff against defendants Bruce Guthrie and Oakland Hills Country Club. A judgment notwithstanding the verdict was granted in favor of Oakland Hills following trial.

On August 7 and 8, 1984, defendant Guthrie attended a business-related golf outing in Benton Harbor, Michigan, along with seven other individuals. The group traveled in a motor home leased by Guthrie, who stocked it with several half gallons of liquor, as well as beer and soft drinks. The men returned to Oakland Hills, their rendezvous point, between 8:00 and 9:00 P.M. on August 8, 1984.

Thereafter, Guthrie, who was admittedly intoxicated when he arrived, and a few others went into the men's grill at Oakland Hills where they sat and talked for awhile. The bar tab indicated the group ordered seven alcoholic and three nonalcoholic drinks.

Guthrie left in the motor home about 9:00 P.M. and stopped at a nearby service station. The sta-

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

tion manager noticed the driver stumble and stagger around the vehicle and contacted the police because he felt the driver should not be on the road. Plaintiff, a nearby Bloomfield Township patrol officer, heard the call and watched for the motor home. When she saw it, she observed it make an improper turn and go off the road several times. After stopping the vehicle, plaintiff asked Guthrie for his driver's license but he was uncooperative and verbally abusive. After Guthrie continued to be uncooperative and refused to leave the motor home as requested, plaintiff placed him under arrest. When plaintiff and her partner attempted to handcuff Guthrie, he resisted and a struggle ensued during which plaintiff's nose was struck by Guthrie's knee. Guthrie continued to resist after being handcuffed and was later described as loud, abusive and profane during processing at the station.

Plaintiff, who had previously undergone successful surgery on her nose in September, 1983, for breathing and drainage difficulties, began experiencing pain and further breathing difficulties after the incident. After three separate surgeries, plaintiff still experienced breathing difficulties and her right nostril was higher than the left.

On September 27, 1985, plaintiff filed an action against Guthrie alleging her injuries were caused by his wanton and reckless conduct. Plaintiff later amended her complaint to add Oakland Hills as a party under the dramshop act. Prior to trial, the court denied Guthrie's motion for summary disposition under the "fireman's rule." A similar directed verdict motion was also denied at trial. Guthrie appeals each of these rulings.

At the conclusion of trial, plaintiff received a jury verdict of $27,000 against both defendants, however, the trial court granted a judgment not-

withstanding the verdict in favor of Oakland Hills. Plaintiff filed a motion for new trial challenging the judgment notwithstanding the verdict in favor of Oakland Hills and various other trial-related issues, which motion was denied by the trial court. Plaintiff appeals as of right from the denial of this motion. Both plaintiff and Oakland Hills, by way of cross appeal, also allege the trial court erred in denying their request for mediation sanctions.

We will first address defendant Guthrie's claim that the trial court erred in denying his motions for summary disposition and directed verdict, based upon the "fireman's rule" adopted by our Supreme Court in *Kreski v Modern Wholesale Electric Supply Co,* 429 Mich 347; 415 NW2d 178 (1987). *Kreski* involved two separate premises liability actions brought by safety officers against the owners and occupiers of the premises where they were injured. The *Kreski* Court, noting that fire fighters and police officers are hired, trained, and compensated by the public to deal with dangerous, but inevitable, situations generally caused by negligence, stated at p 372 that

> as a matter of public policy, we hold that fire fighters or police officers may not recover for injuries occasioned by the negligence which caused their presence on the premises in their professional capacities. This includes injuries arising from the normal, inherent, and foreseeable risks of the chosen profession.

However, the Court indicated it was not attempting to delineate the precise parameters of the rule, noting that several exceptions involving factual situations not presented there have developed in other states employing a fireman's rule. *Id.* at 370. As an example, the Court specifically noted that neither case before it involved allegations of

negligence rising to the level of wilful, wanton, or intentional misconduct. *Id.* at 371.

In a recent case, a panel of this Court held that the fireman's rule did not preclude an action by an injured police officer against the estate of a barricaded gunman who intentionally shot and wounded the officer. *Rozenboom v Proper,* 177 Mich App 49, 57; 441 NW2d 11 (1989). In so holding, the Court agreed with the following remarks from *Berko v Freda,* 93 NJ 81, 90; 459 A2d 663, 667-668 (1983):

> [T]he public policy underlying the "fireman's rule" simply does not extend to intentional abuse directed specifically at a police officer. "To permit this would be to countenance unlimited violence directed at the policeman in the course of most routine duties. Certainly the policeman and his employer should have some private recourse for injuries so blatantly and criminally inflicted" *Krueger v City of Anaheim* [130 Cal App 3d 166, 170; 181 Cal Rptr 631, 634 (1982)]. [*Rozenboom, supra* at 57.]

We find the above rationale to be equally applicable to the case at hand. Both the deposition testimony at the time of Guthrie's motion for summary disposition and the evidence produced at trial indicated plaintiff's injuries were caused by Guthrie's wilful and wanton, if not intentional, misconduct in resisting arrest. Thus, he should not be permitted to receive the benefit of the fireman's rule to shield him from civil liability for his actions. *Rozenboom, supra* at 58. Accordingly, the trial court did not err in denying Guthrie's motions for summary disposition and directed verdict.

We next address plaintiff's claim that the trial court erred in granting a judgment notwithstanding the verdict in favor of Oakland Hills. When

reviewing a motion for judgment notwithstanding the verdict, this Court views the evidence and all legitimate inferences that can be drawn from the evidence in a light most favorable to the nonmoving party. *Coy v Richard's Industries, Inc,* 170 Mich App 665, 669; 428 NW2d 734 (1988), lv den 432 Mich 856 (1989). If reasonable jurors could honestly have reached different conclusions, the motion should have been denied. As long as reasonable jurors could have disagreed, neither the trial court nor this Court has the authority to substitute its judgment for that of the jury. *Id.*

Plaintiff's action against Oakland Hills was brought under the dramshop act, MCL 436.22; MSA 18.993. In order to prevail, plaintiff was required to prove that defendant or its agent served intoxicating liquor to Guthrie. *McKnight v Carter,* 144 Mich App 623, 629; 376 NW2d 170 (1985), lv den 424 Mich 859 (1985). In granting Oakland Hills' motion, the trial court concluded there was no competent evidence that intoxicating liquor was served to Guthrie. We disagree.

Initially, we agree with the trial court that a statement made by Guthrie to plaintiff's patrol partner, Officer Price, that he had been drinking at "Oakland Hills" was inadmissable against Oakland Hills. *Smith v Woronoff,* 75 Mich App 24, 30; 254 NW2d 637 (1977), lv den sub nom *Smith v Love,* 402 Mich 902 (1978). Nevertheless, we believe there was competent evidence requiring the issue of service to be resolved by the jury.

The evidence revealed that seven alcoholic and three nonalcoholic beverages were served to a group that included Guthrie and two or three other individuals. Although Guthrie initially testified he did not think he had an alcoholic drink at Oakland Hills, he later admitted on cross-examination that he may have had one. Bruce Tepaske, a

member of the group, also testified it was possible Guthrie had an alcoholic drink at Oakland Hills. We believe that this testimony, along with the testimony describing Guthrie's behavior after he left Oakland Hills, and all reasonable inferences that could be drawn therefrom, when viewed in a light most favorable to plaintiff, was sufficient to allow a reasonable jury to conclude that Guthrie was served an alcoholic drink while at Oakland Hills. Accordingly, we reverse the trial court's grant of judgment notwithstanding the verdict in favor of Oakland Hills and remand for entry of judgment in accordance with the jury verdict.

Plaintiff also claims she was entitled to a new trial because the jury was permitted to view photographs of her nose that were taken prior to her surgery in September, 1983, before the incident with Guthrie. When the photographs were originally admitted, the court overruled plaintiff's objection questioning whether the photos were being properly admitted. No objection concerning the substance or relevancy of the photos was raised. After the jury was dismissed for deliberations, plaintiff then objected to the admission of the photographs, arguing they were irrelevant and immaterial. Error may not be predicated on a ruling which admits or excludes evidence unless a substantial right of the party is affected and the party timely objects on the record. MRE 103. Plaintiff's objection in this case was untimely.

We also disagree with plaintiff that the trial court abused its discretion in denying her a new trial because the verdict was grossly inadequate. Previously, the review of damage awards in jury-tried cases examined whether the jury verdict was shocking to the judicial conscience. *Gregoricka v Lytyniuk,* 123 Mich App 196, 199; 333 NW2d 221 (1983). Our Supreme Court recently rejected this

standard in remittitur cases and held that a denial of remittitur may only be disturbed if a clear abuse of discretion has been shown on the part of the trial court. *Palenkas v Beaumont Hosp,* 432 Mich 527, 533; 443 NW2d 354 (1989).

We find that, under either standard, there was no error. Plaintiff testified that her medical expenses and loss of earnings totalled approximately $16,000 and that she no longer experienced pain. The jury returned a verdict of $27,000. Thus, this case is also distinguishable from the cases cited by plaintiff wherein the jury verdicts were limited to actual expenses and ignored damages for pain and suffering altogether.

We also reject plaintiff's claim that she was denied a fair trial due to comments by defendant Guthrie's attorney during closing arguments regarding the amount of damages for a broken nose. There was no objection to the comments during trial and our review of these comments does not convince us that they deprived plaintiff of a fair trial. *Reetz v Kinsman Marine Transit Co,* 416 Mich 97, 103; 330 NW2d 638 (1982). *Means v Jowa Security Services,* 176 Mich App 466, 475-476; 440 NW2d 23 (1989).

Finally, both plaintiff and Oakland Hills claim the trial court erred in denying their request for mediation sanctions under MCR 2.403(O). Mediation was conducted in January, 1987, and resulted in evaluations in favor of plaintiff in the amount of $25,000 against defendant Guthrie and $10,000 against Oakland Hills. Plaintiff rejected the evaluations, as did Oakland Hills. At the time mediation was conducted, MCR 2.403(0)(1) provided:

(1) If a party has rejected an evaluation and the action proceeds to trial, that party must pay the opposing party's actual costs unless the verdict is

more favorable to the rejecting party than the mediation evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the mediation evaluation.

Because we have concluded that the trial court erred in granting a judgment notwithstanding the verdict in favor of Oakland Hills, and because the jury's verdict of $27,000 was more favorable to plaintiff than the $10,000 mediation evaluation, Oakland Hills was not entitled to an award of costs under the mediation court rule. Further, because the trial court denied plaintiff mediation sanctions against Oakland Hills based upon its grant of judgment notwithstanding the verdict, we remand for a determination of plaintiff's entitlement to sanctions in light of our ruling reversing the court's grant of judgment notwithstanding the verdict.

Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.