IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

FRANK D. BRADLEY, III and      :
JAIMIE BRADLEY,      :
     Plaintiffs      :
     :
     :
v.      :      C.A. No.: S17C-08-014 RFS
     :
EMMITTE E. POWELL,      :
     Defendant.      :

# **MEMORANDUM OPINION**

Upon Defendant's Motion for Summary Judgment. Denied.

Date Submitted: February 23, 2018
Date Decided: May 23, 2018

Joseph W. Weik, Esq., Weik, Nitsche & Dougherty, 302 North Union Street, Second Floor, P.O. Box 2324, Wilmington, Delaware 19805, Attorney for Plaintiffs

Louis J. Rizzo, Jr., Esq., Reger Rizzo & Darnell, Brandywine Plaza East, 1523 Concord Pike, Suite 200, Wilmington, Delaware 19803, Attorney for Defendant

STOKES, J.

## I.    INTRODUCTION

This matter is presently before the Court on the motion of the Defendant, Emmittee E. Powell ("Defendant"), for summary judgment against the Plaintiffs Frank D. Bradley, III and Jaimie Bradley ("Plaintiffs"). The Plaintiffs oppose the Motion. For the foregoing reasons, Defendant's Motion for Summary Judgment is **DENIED**.

## II.    FACTS AND PARTIES' CONTENTIONS

This Motion stems from an incident between Defendant, a bar patron, and Plaintiff Frank D. Bradley, III ("Bradley"), a Seaford police officer. On December 20, 2013, Bradley was called to the Crazy 8's Bikini Lounge to investigate Defendant's claim that his wallet had been stolen. According to Plaintiffs, Defendant was intoxicated and very agitated. Despite Bradley's instructions to remain outside, Defendant rushed toward Bradley and attempted to re-enter the premises. This action prompted Bradley to grab Defendant and pull him away from the doorway. An altercation between the parties ensued. According to Defendant, Bradley lost his footing during this altercation and fell, causing Defendant to fall on top of Bradley's leg. Bradley claims that Defendant fell onto his leg during the interaction, but that Defendant's fall was not caused by Bradley's own fall. Regardless of exactly how the fall occurred, Bradley allegedly suffered an injury to his right knee, forcing him to undergo surgery and be out of work for eight weeks.

Therefore, on August 16, 2017, Plaintiffs filed suit against Defendant. They allege negligence/recklessness and loss of consortium claims. Plaintiffs seek a judgment "in an amount sufficient to compensate them for their injuries and losses...."[1]

On January 24, 2018, Defendant filed this Motion for Summary Judgment. According to Defendant, even in light of Plaintiffs' well-pled allegations, insufficient facts have been alleged to

---

[1] Compl. 2.

1

establish a cause of action for negligence. He seeks to extend the "Fireman's Rule" to apply to actions by police officers against negligent tortfeasors. The Fireman's Rule states that "a fireman may not recover when he is injured from the very risk, created by the defendant's act of negligence, that required his professional assistance and presence at the scene."[2] Defendant asserts that the extension of the rule may be justified through the principle of assumption of the risk and other public policy rationales. The principle of assumption of the risks holds that, if the plaintiff knew of the existence of a risk and takes the risk despite this knowledge, he will not be able to recover for negligence. Thus, in Defendant's view, this principle applies to the risk that a police officer takes while performing his job duties. Additionally, Defendant argues that it is in the interest of good public policy to extend the Fireman's Rule. He states, "…the taxpayer should not be forced to pay twice: once for the salary, benefits, and cost of insurance of first responders and a second time for damages for injuries incidental to their duties."[3] For these reasons, Defendant believes that the Fireman's Rule should be expanded to cover police officers, thereby negating Plaintiffs' claims.

On January 25, 2018, Plaintiffs filed their Response to Defendant's Motion for Summary Judgment. Plaintiffs examine other jurisdictions that have adopted the Fireman's Rule in the police context. In those jurisdictions, it has generally been held that "the policy behind the Fireman's Rule is to encourage an individual, particularly a landowner, who requires professional assistance, to summon police officers by limiting the circumstances under which the individual may be liable for the injuries the professionals may suffer…"[4] However, this does not mean that the Fireman's Rule provides a complete bar from recovery. In most jurisdictions "the rule does not apply to

---

[2] *Carpenter v. O'Day*, 562 A.2d 595, 601 (Del. Super. Ct. 1988), *aff'd*, 553 A.2d 638 (Del. 1988).
[3] Def.'s Mot. Summ. J 5.
[4] Pls.' Resp. Def.'s Mot. Summ. J. 4.

2

claims against interfering third-party tortfeasors who negligently injure police officers while performing their duties."[5] In Plaintiffs' view, Defendant injured Bradley as a result of his reckless conduct. Therefore, Defendant's conduct would not fall under the Fireman's Rule, as adopted in most other jurisdictions. In short, Plaintiffs assert that, under the facts and circumstances of this case, the Fireman's Rule, even if extended to the police, would not apply.

On February 23, 2018, Defendant filed his Reply in Support of Motion for Summary Judgment. Defendant takes issue with the idea that his negligent or reckless action caused Bradley's injury. According to Defendant, Bradley's footing merely slipped while he was pulling Defendant back from the doorway, causing him to lose his balance. Defendant claims that he only fell onto Bradley's leg because Bradley himself fell, not because Defendant fell first. Thus, at best, this behavior would only constitute an act of ordinary negligence, which should be barred from recovery under the Fireman's Rule.

### III.    STANDARD OF REVIEW

The Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[6] The moving party bears the initial burden of showing no material issues of fact are present.[7] If the moving party properly supports their motion, the burden then shifts to the non-moving party to rebut the contention that no material issues of fact exist.[8] In considering a motion for summary judgment, the Court must review the record in a light most favorable to the non-

---

[5] *Id.*
[6] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[7] *Id.* at 681.
[8] *Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 99 (Del. 1992).

3

moving party.[9] The Delaware Supreme Court illustrates the parameters of granting summary judgment as follows:

> Under no circumstances, however, will summary judgment be granted when, from the evidence produced, there is a reasonable indication that a material fact is in dispute. Nor will summary judgment be granted if, upon an examination of all the facts, it seems desirable to inquire thoroughly into them in order to clarify the application of the law to the circumstances.[10]

## IV.   ANALYSIS

Viewing the well-pled facts in the light most favorable to the Plaintiffs, it is clear that genuine issues of material fact are still in dispute. This case does not lend itself to the expansion of the Fireman's Rule to police officers; therefore, factual questions remain that must be submitted to the jury. This is not a situation where Bradley was summoned by the bar in order to handle Defendant's behavior. Rather, Bradley was called by Defendant to address his claim that his wallet had been stolen; Defendant was the purported victim. While Bradley was attempting to conduct an investigation into Defendant's claim, Defendant decided to re-enter the bar despite clear instructions to remain outside. Defendant charged at Bradley, intent on re-entry. Bradley was injured as a result of this behavior. Considering the facts in this light, it is apparent that this is not the sort of situation contemplated by other jurisdictions when extending the application of the Fireman's Rule to police officers.

The Fireman's Rule is meant to prohibit a police officer from recovering for injuries caused by the very harm he or she was called to address. The Fireman's Rule is not intended to prohibit an officer from recovering for injuries caused by reckless or wanton conduct over and above the ordinary risks posed by this line of work.[11] Additionally, courts have decided not to extend the

---

[9] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).

[10] *Id.* at 468.

[11] *Akerly v. Hartford Insurance Group*, 616 A.2d 511, 513 (N.H. 1992) (holding that the Fireman's Rule would not bar a police officer's claim for injuries caused by reckless or wanton conduct); *McAtee v. Guthrie*, 451 N.W.2d 551,

4

Fireman's Rule when the injury was caused by an independent act that could not have been anticipated by the police officer.[12] In short, the Fireman's Rule is meant only to cover negligent acts of misconduct stemming from the reason for which the police officer was called to the scene that could have been reasonably anticipated by the officer.

It is possible that a jury could find Defendant's behavior rose to the level of recklessness, which is not behavior that would fall under the Fireman's Rule, if applied. Moreover, it is clear that a jury may determine Bradley's injury stemmed for an act wholly independent from the initial reason for his presence at the scene, *i.e.*, Defendant's report that his wallet had been stolen. Defendant's alleged decision to aggressively re-enter the bar was separate from the stolen wallet investigation altogether, which brings this behavior outside of the ambit of the Fireman's Rule. Finally, a jury may find that Defendant's behavior could not have been anticipated by Bradley, all rendering the Fireman's Rule inapplicable. Thus, the Court opts not to extend the Fireman's Rule to police officers in the context of this case. Genuine issues of material fact remain; therefore, Defendant's Motion for Summary Judgment is denied.

Additionally, the Court considered the one Delaware case on this issue, *Carpenter v. O'Day*. *Carpenter* prohibited a firefighter from recovering for injuries sustained while helping extinguish a fire.[13] This case adopted the Fireman's Rule, as applied to firefighters, in Delaware. However,

---

553 (Mich. Ct. App. 1989) (finding that the Fireman's Rule did not apply to injuries cause by the defendant's wanton misconduct in resisting arrest); 25 A.L.R.5th 97, §5 (1994).

[12] *Bates v. McKeon*, 650 F.Supp 476, 481 (D. Conn. 1986) (holding that the defendant's extreme actions while resisting arrest, amounting to intentional assault, could not have been foreseen by the police officer, rendering the Fireman's Rule inapplicable); *Griffith v. Southland Corp.*, 94 Md.App. 242, 253 (Md. Ct. Spec. App. 1992) (holding that a police officer could recover for his injuries cause by an altercation because it was entirely unforeseeable that the store clerk at the location of the altercation refused to call for help); *Yamaguchi v. Harnsmut*, 130 Cal.Rptr.2d. 706, 717 fn. 5 (Cal. Ct. App. 2003) (holding that the Fireman's Rule "does not apply to conduct other than that which necessitated the summoning of the police officer or independent acts of misconduct committed after the officer arrived at the scene."); *Worley v. Winston*, 550 So.2d 694, 697 (La. Ct. App. 1989) (stating that a police officer could "recover for an injury caused by a risk which is independent of the emergency or problem he has assumed the duty to remedy.").

[13] *Carpenter v. O'Day*, 562 A.2d 595, 595-96 (Del. Super. Ct. 1988).

the Court did not extend the application of the Fireman's Rule to "independent acts of misconduct after the firefighters have arrived on the premises."[14] Furthermore, the Court noted numerous out of state cases where a firefighter was able to recover for injuries suffered as a result of the "active negligence" or wanton and willful conduct of the property owner.[15] Here, Defendant's independent act of re-entering the bar after Bradley had responded to the initial call regarding the stolen wallet caused the injury. Therefore, even under the Fireman's Rule as applied to firefighters in Delaware, Defendant would not be shielded from liability.

## V. CONCLUSION

Considering the foregoing, Defendant's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

---

[14] *Id.* at 600.
[15] *Id.* at fn. 3.